IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| HOPE BOSCO, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:12-CV-059 (WLS) |
| LINCARE INC., | : |
| Defendant. | : |

## ORDER

Presently pending are Plaintiff's Motion for Sanctions and Request for Spoliation Instruction (Doc. 69) and Motion in Limine (Doc. 71) and Defendant Lincare Inc.'s Motions in Limine (Docs. 73, 74, 75, and 76). The Court has reviewed these motions and makes the following pretrial rulings:

**I.   Plaintiff's Motions**

Plaintiff's Motion in Limine (Doc. 71), which moves for the exclusion of evidence as to Plaintiff's former romantic relationship with Dr. Rao, is **GRANTED** unless and until the proponent establishes admissibility and relevance of this information outside of the presence of the jury and upon timely notice to the Court. Counsel shall not make reference to Plaintiff's relationship with Dr. Rao in opening statements or otherwise prior to ruling of the Court and counsel shall so instruct each of the witnesses not to do so.

As for Plaintiff's Motion for Sanctions and Request for Spoliation Instruction (Doc. 69), the Court **DENIES** this motion as untimely. We are now at the trial stage. Discovery ended in this case on April 22, 2013, and dispositive motions were due not later than June 6, 2013. (Doc. 30.) The Court agrees with Lincare that Plaintiff's Motion is essentially a discovery motion designed to challenge the fact that Lincare did not

produce Plaintiff's cell-phone records, which Plaintiff alleges were in Lincare's possession. According to the Scheduling/Discovery Order, any motions challenging discovery were to be filed within twenty-one (21) days of the date on which the response(s) was due or twenty-one (21) days of receipt of an allegedly inadequate response, and not later than twenty-one (21) days after the close of discovery, whichever first occurs. (Doc. 27 at 2.) That means that Plaintiff had until May 13, 2013, to challenge any discovery violations.

Plaintiff had ample time during and following discovery to move for sanctions regarding any evidence not produced or allegedly destroyed during discovery. Plaintiff is not permitted to ask the Court to now, as a sanction, strike Defendant's Answer, right before trial where she never challenged the alleged destruction of evidence during the discovery process. Plaintiff failed to even address her spoliation concerns during the dispositive-motion stage of this case. In her response in opposition to Defendants' Motion for Summary Judgment, Plaintiff merely alleged that Lincare's discovery responses regarding the cell-phone records show that "at a minimum, Lincare has been disingenuous, or at worst, made bald misrepresentations as to the evidence gathered in its investigation of Plaintiff's original complaint," thereby creating a jury question as to whether Lincare's reasons for Plaintiff's termination are pretextual. (Doc. 47 at 17.) This argument is a far cry from contending that sanctions should be imposed for alleged destruction of evidence. Plaintiff did not raise her spoliation concerns during discovery, and the Court declines to consider the merits of her arguments right before trial. Plaintiff is nevertheless free to address credibility issues, assuming a factual basis, regarding the cell-phone records during trial in relation to her retaliation claims.

## II.     Lincare's Motions in Limine

Lincare's Motion in Limine (Doc. 73) to exclude reference to the claims or parties the Court has dismissed is **GRANTED IN PART** and **DENIED IN PART**. Neither party shall make reference to any claims or parties dismissed or evidence regarding the same, except after first establishing the legal grounds for, and relevance of, said evidence

upon timely notice to the Court, such as if the evidence is relevant to the remaining claims and therefore admissible. Lincare's Motion in Limine related to other discrimination, harassment or retaliation claims by any other person against Lincare (Doc. 74) is **GRANTED** unless and until the proponent establishes admissibility and relevance of this information outside of the presence of the jury and upon timely notice to the Court. Lincare's Motion to Exclude evidence of its 2006 settlement with the Department of Health and Human Services (Doc. 75) is also **GRANTED**. Similarly to its prior rulings above, no reference shall be made to the settlement with DHHS unless and until the proponent establishes admissibility and relevance of this information outside of the presence of the jury and upon timely notice to the Court. Regarding all of the aforementioned, where the Court has declared that evidence shall be excluded, counsel shall make no mention or reference to any excluded evidence in the presence of the jury and counsel shall so instruct witnesses not to do so.

The Court **DENIES**, however, Lincare's Motion to Exclude the hearsay statements of Keith Adams (Doc. 76). These statements can be adequately addressed by proper objection at trial and are not properly addressed via a pretrial motion in limine.

**SO ORDERED**, this  11th  day of June 2014.

> /s/ W. Louis Sands
> **W. LOUIS SANDS, JUDGE**
> **UNITED STATES DISTRICT COURT**